No. 86-348

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

BIG HORN COUNTY, MONTANA, a
Political Subdivision of the
State of Montana ,

       Plaintiff and Appellant,

  -vs-

DICK GREGORY, JOHN LIND, JOYCE LIPPERT,

       Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable ~~G. Todd Baugh,~~ Judge presiding.
Diane Barz

COUNSEL OF RECORD:

    For Appellant:

       Clarence Belue, Hardin, Montana

    For Respondent:

       James E. Torske, Hardin, Montana

_____

          Submitted on Briefs: Nov. 13, 1986

              Decided: January 15, 1987

Filed:  JAN 15 1987

_____
               Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from a summary judgment entered in favor of defendants in the District Court, Thirteenth Judicial District, Big Horn County. We affirm the judgment of the District Court.

Plaintiff Big Horn County brought an action in District Court, pursuant to § 7-6-2323, MCA, to recover alleged excess expenditures by the defendant county commissioners and clerk and recorder. Section 7-6-2323 provides that a county official who makes or incurs expenditures in excess of any detailed budget appropriations shall be personally liable for those excess expenditures. After extensive discovery, both sides moved for summary judgment. On May 30, 1986, the District Court granted defendants' cross-motion for summary judgment.

The controversy in this case arose over appropriations for the salary of a part-time justice of the peace for Big Horn County, Ray Morrissette. Big Horn County employs two justices of the peace; there is a full-time justice of the peace, Kenneth Snively, and a part-time, "on-call," justice of the peace, Ray Morrissette.

On June 20, 1983, the Big Horn County Board of Commissioners passed a resolution, pursuant to § 3-10-207, MCA, fixing the salary of the county justice of the peace at $18,333.61. The resolution did not distinguish between the full and part-time positions, nor did it designate the office hours for each justice's court as mandated by § 3-10-208, MCA. The $18,333.61 salary was calculated by reviewing a tabulation prepared by County Clerk and Recorder Lippert,

under the procedure outlined in the County Budget Law, §§ 7-6-2313 through -2320.

The tabulation listed the collective salaries of the justice court at $43,630.00:  $21,200.40 was for the salaries of the court employees, $18,333.61 was for the salary of the full-time Justice of the Peace Snively, and $4,095.99 was for the salary of the part-time Justice of the Peace Morrissette. On July 26, 1983, the Board of Commissioners signed a payroll authorization for Morrissette, authorizing a salary of $8.8142 per hour for regular part-time work. The hourly rate was apparently arrived at by dividing the annual justice of the peace salary of $18,333.61 by 2080 hours, the number of working hours in a year.

Problems began in May, 1984, when the timesheets submitted by Morrissette overdrew the money appropriated for his position. When it became apparent that to continue paying Morrissette according to the claims he was submitting would overrun his appropriation, a dispute arose as to how to handle the budget problem. Commissioner Ruegamer proposed that the Board adopt an emergency budget resolution pursuant to § 7-6-2342, MCA. Commissioners Gregory and Lind rejected Ruegamer's proposal, and instead paid Morrissette's salary claims. They later adopted a resolution to make line item transfers in the budget to cover the expenditures, as authorized under § 7-6-2325, MCA. The total overrun of Morrissette's salary was $5,210.98 at the end of the fiscal year.

Big Horn County contends the line item transfer of funds to cover the $5,210.98 overrun on Morrissette's salary was a violation of § 7-6-2325, MCA. That statute provides:

> Upon resolution adopted by the board of commissioners at a regular or special meeting and entered upon its minutes, transfers or revisions in the general budget system . . . may be made, _provided_ _that_ _no_ _salary_ _shall_ _be_ _increased_ _above_ _the_ _amount_ _appropriated_ _therefor_. (Emphasis added.)

Big Horn County argues that by paying the $5,210.98, the Board of Commissioners illegally increased Morrissette's salary from the $4,095.99 which was appropriated in the county's final budget. Under § 7-6-2323(2)(a), MCA, the effect of exceeding the $4,095.99 appropriation is to make Commissioners Gregory and Lind and Clerk and Recorder Lippert personally liable for four-fold the amount of the over-expenditure, or $20,843.92.

We find the County has misconstrued the application of the statute. In June, 1983, the Board, by resolution as required under § 3-10-207, MCA, set the annual salary for county justice of the peace at $18,333.61. The annual salary computed to an hourly rate of $8.8142. This amount, $18,333.61 a year or $8.8142 per hour, was never increased.

Given the part-time, "on-call" status of Morrissette's position, it was not possible to determine a precise yearly amount for the position. As pointed out by the District Court, the $4,095.99 appropriated in the budget was, at best, an estimate of the hours Morrissette would work in the coming fiscal year. Thus, the $4,095.99 appropriated in the budget was not a "salary" as contemplated under the County Budget Law. It was rather the best estimate of the cost of Morrissette's time, based on a fluctuating workload.

Under the 1972 Montana Constitution, Art. VII, § 5(1), justices of the peace are to receive monthly compensation as required by law. The law of Montana specifically mandates that salaries for justices of the peace shall be set by a

- 4 -

resolution of the board of county commissioners. Section 3-10-207, MCA. The Big Horn County Board of Commissioners complied with this law by setting the salary of the justice of the peace at $18,333.61. Having set this salary, they were required to pay Morrissette the salary he earned commensurate with his workload. Since Big Horn County did not need two full-time justices of the peace, Morrissette voluntarily accepted the part-time position. He maintained his own office, filling in for the full-time justice of the peace on an "on-call" basis. In view of this situation, the Board of Commissioners authorized payment of Morrissette at $8.8142 an hour, an amount which would accurately reflect his part-time, fluctuating hours. When Morrissette's hours overran the budget appropriation, the Commissioners passed a resolution transferring funds to cover the overrun. This transfer did not have the effect of increasing Morrissette's salary, which remained at $8.8142 an hour. Since this transfer of appropriations was accomplished under the authorization of § 7-6-2325, MCA, the Board of Commissioners and Clerk and Recorder acted within the scope of their statutory duty and are not personally liable.

Judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 5 -

Justices